IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-493

**Brittany MacDonald, Angel Epley and
Raynn Porter, Each Individually and on
Behalf of All Others Similarly Situated,**
        Plaintiffs,

v.

**Alpine Access, Inc.,**
        Defendant.

---

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

---

Plaintiffs Brittany MacDonald, Angel Epley and Raynn Porter ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendant Alpine Access, Inc. ("Defendant"), state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), and New Hampshire's wage laws, N.H. Rev. Stat. Ann. ("RSA") §§ 275:43 and 279:27 (collectively, "NH Wage Statutes").

2.      Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA, AMWA and NH Wage Statutes.

## II.   JURISDICTION AND VENUE

3.   The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.   This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.   This Complaint also alleges violations of the NH Wage Statutes, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' New Hampshire state law claims pursuant to 28 U.S.C. § 1367(a).

6.   Defendant is headquartered in Denver. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

7.   Plaintiff Brittany MacDonald ("MacDonald") is an individual and resident of Belknap County, New Hampshire.

8.   Plaintiff Angel Epley ("Epley") is an individual and resident of Garland County, Arkansas.

9.   Plaintiff Raynne Porter ("Porter") is an individual and resident of Garland County, Arkansas.

10.   Defendant is a Delaware, for-profit corporation.

11.     Defendant's registered agent for service is Paracorp Incorporated, 155 Office Plaza Drive, First Floor, Tallahassee, Florida 32301.

## IV.     FACTUAL ALLEGATIONS

12.     Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as computers.

14.      Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15.     Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

16.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

17.     In the course of their duties, Plaintiffs regularly used the instrumentalities of interstate commerce such as the internet and telephones.

18.     Defendant employed MacDonald from January of 2020 until the present.

19.     Defendant employed Epley from January of 2020 until the present.

20.     Defendant employed Porter from October of 2021 until January of 2022.

21.     Plaintiffs worked for Defendant as Remote Call Center Employees.

22.     Defendant also employed other Remote Call Center Employees.

23.     Plaintiffs and other Remote Call Center Employees were classified as nonexempt from the overtime requirements of the FLSA and were paid an hourly wage.

24.     At all relevant times herein, Defendant directly hired hourly-paid Remote Call Center Employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25.     Plaintiffs and other Remote Call Center Employees did not work at Defendant's facilities.

26.     Defendant provided computers for Plaintiffs and other Remote Call Center Employees to work remotely.

27.     Plaintiffs and other Remote Call Center Employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

28.     Plaintiffs and other Remote Call Center Employees were unable to clock in until their computer was turned on and the systems were running.

29.     Upon information and belief, until December of 2020 Defendant paid Plaintiffs and other Remote Call Center Employees for an additional 3 minutes of time per shift to compensate them for the time it took to boot up their computer. From December of 2021 until January of 2022, Defendant did not compensate Plaintiffs and other Remote Call Center Employees for any extra boot up time.

30.     It generally took Plaintiffs and other Remote Call Center Employees more than 3 minutes to boot up their computer and open the necessary systems.

31.     Plaintiffs estimate it took approximately 5 to 15 minutes to fully boot up their computers, and it could take longer if the systems required updating.

32.     Upon information and belief, other Remote Call Center Employees spent a similar amount of time booting up their computer at the beginning of each shift.

33.     Most of the time Plaintiffs and other Remote Call Center Employees spent booting up their computers went unrecorded and uncompensated.

34.     In addition to the unpaid boot-up time, Plaintiffs were occasionally required to work off the clock.

35.     Specifically, Epley was occasionally required to enter notes into Defendant's system while not clocked in.

36.     Epley regularly notified her supervisor that she had to complete additional work after her supervisor told her to clock out.

37.     Defendant regularly assigned Epley so much work that she was unable to complete it within 40 hours per week.

38.     When Plaintiffs and other Remote Call Center Employees worked over a certain set number of hours, they received an additional $0.15 per hour.

39.     These bonuses were based on objective and measurable criteria, namely number of hours worked.

40.     29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based.

41.     During weeks in which Plaintiff and other Remote Call Center Employees worked over forty hours and also earned a bonus, Defendant paid an improper overtime

rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and other Remote Call Center Employees.

42.     Beginning in December of 2020, Defendant's payroll system, Kronos, encountered "outages." Due to these issues, Plaintiffs' and other Remote Call Center Employees' pay was often incorrect. Defendant acknowledged that the faulty system might "lead to over or underpayment," but state that the discrepancies would "be reconciled in the next pay cycle." Defendant also requested that Plaintiffs and other Remote Call Center Employees "triple check your time and pay . . . to ensure everything is correct" and to discuss any remaining discrepancies with supervisors.

43.     Plaintiffs encountered discrepancies in their pay and notified their supervisors that they had not been fully compensated.

44.     Specifically, on February 18, 2022, as well as on other days, MacDonald notified her supervisor that she had not received all of her pay.

45.     On February 12, 2022, as well as on other days, Epley notified the head of the Human Resources department that she had not received all of her pay.

46.     On January 8, 2022, Porter submitted a ticket to Defendant's payroll services system stating that she had not received all of her pay. In additional to the January 8 ticket, Porter submitted 3 other tickets regarding her pay. She also notified her supervisor of the same on January 24, 2022, as well as discussing it with him on other days.

47.     However, the discrepancies were never rectified and some of Plaintiffs' pay went uncompensated.

48.     At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated Remote Call Center Employees of proper minimum wage for all hours worked and proper overtime compensation for all of the hours worked over forty per week.

49.     Defendant knew or should have known that Plaintiffs were not being paid properly for all hours worked.

50.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

51.     Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

52.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all others similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Regular wages and overtime premiums for all hours worked over forty hours in any week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

53.     Plaintiff proposes the following collective under the FLSA:

**All hourly-paid Remote Call Center Employees**
**who worked at least 40 hour in any week within the past three years**

54.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

55.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

56.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.    They were paid hourly;

B.    They had substantially similar job duties and responsibilities;

C.    They were required to boot up their computer before clocking in; and

D.    They were credited either three minutes or zero minutes for the time it took to boot up their computer.

57.    Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds 50 persons.

58.    Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

59.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

60.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

61.    Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

62.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

65.     Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

66.     Defendant failed to pay Plaintiffs for all hours worked, including 1.5 times their regular rate for all hours worked in excess of forty hours per week.

67.     Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

68.     Defendant knew or should have known that its actions violated the FLSA.

69.     Defendant's conduct and practices, as described above, were willful.

70.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

71.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof,

Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

73.     Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

74.     Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

75.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

76.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

77.     Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

78.     Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked, including 1.5 times their regular rate for all hours worked in excess of 40 hours per week.

79.     Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

80.     Defendant knew or should have known that its actions violated the FLSA.

81.     Defendant's conduct and practices, as described above, were willful.

82.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

83.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

84.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA—Plaintiffs Epley and Porter)

85.     Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

86.     Epley and Porter assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

87.     At all relevant times, Defendant was Epley's and Porter's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

88.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5 times regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

89.     Defendant classified Epley and Porter as nonexempt from the requirements of AMWA.

90.     Defendant failed to pay Epley and Porter for all hours worked, including overtime wages as required under the AMWA for all hours that Epley and Porter worked in excess of forty per week.

91.     Defendant knew or should have known that its practices violated the AMWA.

92.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

93.     By reason of the unlawful acts alleged herein, Defendant is liable to Epley and Porter for, and Epley and Porter seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     FOURTH CLAIM FOR RELIEF
### (Individual Claim for Violation of the NH Wage Statutes—Plaintiff MacDonald)

94.     Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

95.     RSA § 275:43 requires employers to pay all wages due to employees within 8 days after expiration of the week in which the work is performed.

96.     RSA § 279:27 requires employers to keep a true and accurate record of employees' hours worked and wages paid to each.

97.     MacDonald is an employee within the meaning of RSA § 275:42.

98.     Defendant is an employer within the meaning of RSA 275:42.

99.     MacDonald is entitled to be paid for all hours worked.

100.    Defendant failed to pay MacDonald all wages due within the statutory timeframe.

101.    Defendant failed to keep accurate records of MacDonald's hours woked and wages paid.

102.    By reason of the unlawful acts alleged herein, Defendant is liable to MacDonald for, and MacDonald seeks, monetary damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by RSA § 275:53.

## X.      PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Brittany MacDonald, Angel Epley and Raynn Porter, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, the NH Wage Statutes and their related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid wages under the FLSA, the AMWA, the NH Wage Statutes and their related regulations;

D.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, the NH Wage Statutes and their related regulations;

E.      An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BRITTANY MacDONALD, ANGEL EPLEY and RAYNN PORTER, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com